## Griffin v. Allstate Insurance Co.

C.P. of Philadelphia County, no. 9903-3629.

*Joel M. Lieberman,* for plaintiffs.
*Mark J. Levin,* for defendant.

LEVIN, *J.,* November 29, 1999—This appeal arises out of a memorandum and order entered by this court of October 21, 1999. As the court has already filed an order explaining the reasons underlying its decision in this matter, the court does not believe it is required to file anything further under Pa.R.A.P. 1925(a).

---

LEVIN, *J.,* October 21, 1999—

## MEMORANDUM & ORDER

Before this court are defendant's, Allstate Insurance Company, preliminary objections to plaintiffs' class ac-

tion complaint, plaintiffs' response and all response hereto. For the reasons set forth below, this court sustains defendant's preliminary objections and dismisses the plaintiffs' class action complaint with prejudice.

Plaintiffs alleged violations of the Pennsylvania bad faith statute, 42 Pa.C.S. §8371, Pennsylvania Unfair Insurance Practices Act, 40 P.S. §1171.5(a)(2), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-2(xxi), because they were not provided with a comparison of the premium charges applicable to full tort and limited tort coverages as required by the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1705.

Defendants respond that the complaint fails to state a claim because the Supreme Court of Pennsylvania held in *Donnelly v. Bauer*, 553 Pa. 596, 720 A.2d 447 (1998), that plaintiffs have no remedy for any alleged failure to provide a premium cost comparison.

In *Donnelly*, the Supreme Court concluded that under the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq., individuals who applied for an original insurance policy after July 1, 1990 were required to be provided with premium cost comparisons for full tort and limited tort options. The Supreme Court also held that individuals who did not receive that information have no remedy under the MVFRL. The Supreme Court opined:

"The decision that the MVFRL does not provide a remedy is also supported by the policy behind the enactment of the MVFRL . . . to stem the rising cost of insurance in the Commonwealth. Here, appellants, based on a notice

form which provided accurate information on the difference between the tort alternatives, freely chose the limited tort option. In making this free choice, appellants received a greater reduction in their premiums than if they had chosen the full tort option. Appellants were content with this lower premium and their choice until they unfortunately were involved in automobile accidents with appellees. Now, appellants seek to escape from what they freely chose and paid for in order that they may obtain a full tort recovery. If this court were to fashion a remedy not expressly provided for in the MVFRL, this court would essentially contravene the cost containment policy behind the MVFRL because allowing appellants the full tort coverage they seek would result in giving appellants something for which no individual has paid, which in turn, would result in insurance companies passing on this extra costs to all other insureds." *Id.,* 553 Pa. at 610, 720 A.2d at 454. (footnote omitted)

Accordingly, this court dismisses the plaintiffs' claim for damages resulting from violation of the MVFRL, the Pennsylvania Unfair Trade Practices and Consumer Protection Law and the Pennsylvania Unfair Insurance Practices Act. A more in-depth reasoning on this court's position can be found in *Garcia v. American Independent Insurance Company* (C.P. Philadelphia, Feb. 3, 1999) memorandum and order.

Plaintiffs' claim for damages resulting from the defendant's bad faith under 42 Pa.C.S. §8371 is identical to the claim which this court addressed in the *Garcia* memorandum and order's footnote number four. The bad faith claim in *Garcia* was dismissed. For the reasons

given in that memorandum and order, the claim by plaintiffs in the case sub judice is dismissed as well.

Plaintiffs attempt to distinguish the facts in this case from those in the *Garcia* case. Plaintiffs do so by placing emphasis on the fact that the forms used here, unlike those in *Garcia,* had blank spaces in which the respective costs for limited tort and full tort coverage were to be inserted. These spaces had not been filled in by the defendant. This court finds, as a matter of law, that this slight factual difference has no relevant effect on the decision of this case.

For the foregoing reasons, the court enters the attached order.

## ORDER

And now, October 21, 1999, having considered defendant's preliminary objections to plaintiffs' complaint, plaintiffs' opposition and all submissions thereto, the court orders as follows:

Defendant's preliminary objections to plaintiffs' complaint are sustained.

Plaintiffs' complaint is dismissed with prejudice.